UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTEL SHEPARD,
on behalf of H.E.S.,

        Plaintiff,

vs.

        Case No. 17-10197
        HON. GEORGE CARAM STEEH

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

OPINION AND ORDER ACCEPTING REPORT AND
RECOMMENDATION, (DOC. 29), OVERRULING PLAINTIFFS'
OBJECTIONS, (DOC. 30), GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT, (DOC. 27), AND DENYING
PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (DOC. 24)

This matter is before the Court on the parties' cross-motions for summary judgment. Plaintiff Christel Shepard, on behalf of her minor son H.E.S., seeks judicial review of the ALJ's decision that H.E.S. is not disabled. (Doc. 24). Defendant Commissioner of Social Security seeks to affirm the denial of Shepard's application for Supplemental Security Income (SSI) under the Title XVI, 42 U.S.C. § 1381, *et seq.* (Doc. 27). The matter was referred to Magistrate Judge Patricia T. Morris, who issued a report and recommendation on January 11, 2018, recommending that Shepard's

motion be denied and the Commissioner's motion be granted. (Doc. 29). Shepard filed objections on January 25, 2018. (Doc. 30). The Commissioner replied on February 8, 2018. (Doc. 31).

## I. Procedural and Factual History

Shepard filed an application for SSI benefits on December 12, 2013, alleging that H.E.S. had been disabled since September 20, 2011. The application was denied. Shepard thereafter requested a hearing before an Administrative Law Judge (ALJ). ALJ Matthew Johnson held a hearing on March 9, 2016 and subsequently determined that H.E.S. was not disabled within the meaning of the Social Security Act. At Step One, the ALJ determined that H.E.S. has not engaged in substantial gainful activity since September 20, 2011. At Step Two, the ALJ identified H.E.S.' attention deficit hyperactivity disorder, learning disability/dyslexia, and sensory disorder as severe impairments. At Step Three, the ALJ found that none of these impairments met or functionally equalled a listed impairment.

The Appeals Counsel of the Social Security Administration denied Shepard's request for review of the ALJ's decision on November 18, 2016 "at which point the ALJ's decision became the final decision of the Commissioner of Social Security." *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (internal citations omitted). Shepard initiated this

civil action for review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) on January 20, 2017. (Doc. 1).

## II. Legal Standard

The standard of review to be employed by the Court when examining a report and recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.*

A district court may affirm, modify, or reverse the Commissioner's decision, with or without remand. *See* 42 U.S.C. § 405(g). The Court "must affirm the Commissioner's decision if it is supported by substantial evidence and was made pursuant to proper legal standards." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (internal citations omitted). "Substantial evidence is defined as more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (internal citations omitted). In deciding whether substantial evidence supports the

ALJ's decision, the Court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (internal citations omitted).

The claimant "has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability." *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990). The Court must "take into account whatever in the record fairly detracts from [the] weight" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (internal citations omitted). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding even if there is substantial evidence in the record that would have supported an opposite conclusion." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citations omitted).

### III. Analysis

Magistrate Judge Morris' report and recommendation concludes that the ALJ's opinion is supported by substantial evidence and that Shepard has not shown reversible error. In response, Shepard filed twelve objections. (Doc. 30).

First, Shepard argues that the Magistrate Judge erred because she did not consider H.E.S.' achievement scores in light of C.F.R. §

416.926a(e)(3)(i). The provision states that "marked" and "extreme" limitations in a given domain can be established by standardized test scores that are two or three standard deviations below the mean, that is, either in the lowest 2.5 or 1 percent of the distribution so long as the scores are representation of day-to-day functioning. *Id.* Test scores, however, are not conclusive. 20 C.F.R. § 416.926a(e)(4) ("we will not rely on any test score alone. No single piece of information taken in isolation can establish whether you have a 'marked' or 'extreme' limitation in a domain."). Shepard points to tests from 2012 that indicates H.E.S.' scores under the 2.5 percentile in word reading, oral reading fluency, math fluency – subtraction, math fluency sentence composition, and written expression composite. (Doc. 9-7 at PageID 360-61). The Commissioner notes that subsequent records generally indicated grade level achievement except in reading and writing. (Doc. 9-6 at PageID 270, 317-18). Moreover, additional evidence in the record, like Dr. Garner's and Heinemann's opinions, illustrates that substantial evidence supports the ALJ's decision that H.E.S. did not meet, medically equal, or functionally equal a listed impairment.

Second, Shepard objects that Magistrate Judge Morris did not consider H.E.S.' age and accommodations when determining whether his condition met or equaled a listed impairment. Shepard asserts that H.E.S.

was two years older than the other children in his class and his school "was bending over backwards" to accommodate him. Shepard argues that this information cannot be ignored, but "this is precisely what Dr. Heinemann and Dr. Garner have done." Shepard alleges that the Magistrate Judge and ALJ erred in failing to account for Dr. Heinemann's and Dr. Garner's errors. The record, however, supports the ALJ's and Magistrate Judge's reliance on these medical opinions, which are consistent with evidence including Ms. Mikek's evaluation, therapy records, and intelligence testing.

Third, Shepard objects to the Magistrate Judge's finding that the record supported the ALJ's conclusion that H.E.S.' ability to interact with others was neither marked nor extreme. Shepard argues that the Magistrate Judge relied on Dr. Heinemann's conclusory opinion without examining any other facts in the record. Shepard further alleges that Dr. Heinemann is an inappropriate source because he (1) lacks experience in treating children like H.E.S., (2) derives "a significant portion of his income" as a witness for defendant, and (3) is a non-examining witness. Shepard's tenth objection pertains to Dr. Heinemann's experience, qualifications, and impartiality. The Court shall address all related challenges to Dr. Heinemann in its analysis of Shepard's tenth objection and focus its

analysis here on the ALJ's finding that H.E.S. had a less than marked limitation in the domain of interacting with others.

There is substantial evidence in the record to support the ALJ's finding of less than marked limitation in the domain of interacting with others. The ALJ did not simply accept Dr. Heinemann's opinion. The Magistrate Judge reviewed numerous positive reports regarding H.E.S.' skill in this domain, including his participation in classroom and athletic activities, Ms. Mikek's report indicating that H.E.S. had no problems in this domain, and physician reports that H.E.S. was a likable and friendly child. (Doc. 29 at PageID 1266).

Fourth, Shepard asserts that the Magistrate Judge failed to address arguments that her attorney was "unfairly hamstrung by the ALJ's repeated refusal to allow full cross-examination." (Doc. 30 at PageID 1287). The Magistrate Judge addressed Shepard's argument in detail and properly concluded that there was no due process violation. (Doc. 29 at PageID 1269-1273). Shepard's counsel did not have an absolute right to unfettered cross-examination. *See Flatford v. Chater*, 93 F.3d 1296, 1307 (6th Cir. 1996). The ALJ permitted legitimate questions and prohibited Shepard's counsel from soliciting duplicative or speculative testimony. The Magistrate Judge correctly determined that this did not evidence "a risk of bias or

prejudgment," *Collier v. Comm'r of Soc. Sec.*, 108 F. App'x 358, 364 (6th Cir. 2014), that undermined Shepard's right to a full and fair hearing, *Flatford*, 93 F.3d at 1305.

Fifth, Shepard objects to the Magistrate Judge's conclusion that the ALJ provided "good reasons" for the weight accorded to "various psychologists' findings, opinions and conclusion." (Doc. 30 at PageID 1287). Shepard does not object to any specific finding, but seems to take issue with the ALJ crediting non-examining witnesses. As stated above in the discussion of Shepard's second objection, substantial evidence supported the ALJ's reliance on Dr. Heinemann's and Dr. Garner's opinions. None of H.E.S.' treating and examining providers provided an opinion on whether H.E.S. met or equalled a specific listing. Although Dr. Heinemann and Dr. Garner did not examine H.E.S., they did opine on whether H.E.S. met or equalled a specific listing. The ALJ could consider these opinions and, as discussed above, Dr. Heinemann's and Dr. Garner's opinions are supported by the record. The Magistrate Judge did not err in concluding that ALJ provided good reasons for the weight assigned to the various psychologists.

Sixth, Shepard objects to the Magistrate Judge's references to the ALJ's discussions of pain and work history. Shepard asserts that these

topics are not germane to the instant case. These references occur in the portion of the report and recommendation that states the governing law for disability decisions. Neither the ALJ nor the Magistrate Judge included a discussion of pain or work history in their analysis as they applied these governing law to the evidence in this case. Shepard's objection is misplaced. There is no error.

Seventh, Shepard objects to the Magistrate Judge's claim that Shepard did not challenge any particular weight assessment in a manner unrelated to Dr. Heinemann's qualifications or bias and therefore waived any argument that Dr. Heinemann or Dr. Garner arrived at unfounded conclusions. Shepard asserts that she repeatedly argued that these doctors arrived at unfounded conclusions. Despite the ruling on waiver, Magistrate Judge Morris went on to consider whether the ALJ properly relied on Dr. Heinemann's and Dr. Garner's opinions. For the reasons stated above, substantial evidence supported the ALJ's reliance on these opinions.

Eighth, Shepard objects to the Magistrate Judge's agreement with the ALJ's determination that Shepard failed to establish that H.E.S. had marked impulsiveness and hyperactivity. Shepard appears to argue that the record supports the conclusion that H.E.S.' impairment meets or equals

the criteria of Listing 112.11. Shepard does not include any citations to the record to support her argument. In contrast, the Commissioner discusses an array of reports from physicians and teachers and academic performance measurements suggesting that H.E.S. was making progress addressing impulsivity and hyperactivity. This evidence is consistent with the opinions of Dr. Heinemann and Dr. Garner. As such, the Magistrate Judge properly concluded that the ALJ's finding that H.E.S. did not establish marked impulsiveness and hyperactivity was supported by substantial evidence.

Ninth, Shepard objects to the Magistrate Judge's finding that there was no due process violation nor bias against H.E.S. and Shepard. Shepard asserts that the ALJ violated due process by (1) crediting non-examining psychologists over treating and examining physicians, (2) denying Shepard's counsel the right to cross examine Dr. Heinemann, and (3) ignoring Shepard's counsel's arguments regarding Dr. Heinemann's income based bias and lack of experience. The Court previously addressed and dismissed Shepard's first allegation in its analysis of her second, fifth, and seventh objection. The Court addressed and dismissed Shepard's second allegation in its analysis of her fourth objection. For the reasons stated above, allegations are overruled here as well. The Court shall

address Shepard's third allegation in its analysis of her tenth objection, which mounts a more detailed challenge regarding Dr. Heinemann's experience and bias.

Tenth, Shepard objects to the ALJ's reliance on Dr. Heinemann's opinion.[1] Shepard asserts that Dr. Heinemann receives 25 percent of his income by working as "a professional witness" for the Commissioner, and therefore, is biased to testify in its favor. The Magistrate Judge noted that the "receipt of payment from the Social Security [Administration]" does not establish bias. (Doc. 29 at PageID 1275) (citing *Massey v. Comm'r of Soc. Sec.*, 409 F. App'x 917, 922 (6th Cir. 2011) ("Massey . . . cites no authority holding a medical expert who is an employee of the [SSA] ineligible to serve as an expert witness at a disability evidentiary hearing.")). Shepard does not address this point or offer any additional evidence or authority to support her position. Shepard's objection is therefore overruled.

Shepard also asserts that Dr. Heinemann lacks the experience and qualifications to evaluate children like H.E.S. As the Magistrate Judge noted, Shepard stipulated to Dr. Heinemann's credentials at the hearing without objection. Shepard nonetheless asserts that she has not waived the

---

[1] As stated above, Shepard raises similar claims in her third and ninth objections. The Court shall address all of these arguments in its analysis of Shepard's tenth objection.

issue, asserting that Dr. Heinemann's qualifications were incomplete and erroneous. The Court agrees that Shepard "waived any opportunity to object to Dr. Heinemann's capacity to testify as a medical witness in this case by failing to raise it at the hearing." (Doc. 29 at PageID 1274) (citing *Lemle v. Comm'r of Soc. Sec.*, No. Civ.A. 11-10295, 2012 WL 1060111, at *7 (E.D. Mich. Jan. 27, 2012), *report and recommendation adopted,* No. 11-10295, 2012 WL 1059787 (E.D. Mich. Mar. 29, 2012) ("[I]f Plaintiff wanted to challenge the credentials of the expert witnesses, she should have done so during the administrative hearing."); *Lewis v. Astrue*, No. EDCV07-412-MAN, 2008 WL 4394049, at *3 (C.D. Cal. Aug. 29, 2008) ("At the hearing, plaintiff, through his attorney, had the opportunity to object to the medical expert's qualifications, but he chose not to do so. . . . 'If a party fails to object to an expert's qualifications at the hearing, he waives the right to challenge them.'")). Even so, the Court finds that Dr. Heinemann is qualified to testify. He has a degree in clinical psychology and has previously testified as a medical expert in cases involving children. Moreover, a medical expert with a specialty in a particular field is not required at the hearing level. *Davis v. Chater*, 104 F.3d 361, at *2 (6th Cir. Dec. 19, 1996) (unpublished) (recognizing that "the ALJ's failure to call a medical expert trained in a particular specialty does not prevent this court

from finding substantial evidence supports the ALJ's decision."). Shepard's tenth objection has no merit.

Eleventh, Shepard claims that the Magistrate Judge "deftly ducked the ALJ's failure to point to any evidence as a basis for discounting" her credibility. This objection fails because the Magistrate Judge explicitly addressed the ALJ's analysis, stating that the ALJ's reasons for "adopting or discounting [Shepard's] statements are evident, plain, and well-reasoned." (Doc. 29 at PageID 1278). The Magistrate Judge addressed the evidence supporting the ALJ's credibility assessment and concluded that the ALJ fulfilled his duty to provide specific reasons for his findings as to Shepard's credibility. Moreover, this Court concludes that substantial evidence supports the ALJ's decision.

Twelfth, Shepard objects to the Magistrate Judge's failure to order a sentence six remand for consideration of new evidence. Shepard asserts that the new evidence solidifies her case, relates back to the period under consideration by the ALJ, and would likely cause a new ALJ to grant benefits. (Doc. 30 at PageID 1291). Magistrate Judge Morris reviewed this evidence and determined that much of it existed before the parties' hearing, and therefore, was not "new" in the context of a sentence six remand. The remaining evidence was determined to be new, but not material. Shepard

does not offer any specific challenge to either of these findings. As such, Shepard's objection is waived. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

## IV. Conclusion

Accordingly, Shepard's objections are OVERRULED. Consistent with the analysis herein, the Court hereby ACCEPTS Magistrate Judge Morris' report and recommendation, GRANTS the Commissioner's motion for summary judgment, DENIES Shepard's motion for summary judgment and AFFIRMS the ALJ's decision.

IT IS SO ORDERED.

Dated: February 27, 2018

> s/George Caram Steeh
> GEORGE CARAM STEEH
> UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 27, 2018, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---